UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61733-CIV-COHN

ALLZ WELL PHARMACY, LLC,

      Plaintiff,

vs.

NUCARE PHARMACEUTICALS, INC.,
US 1 PHARMACY, INC., VICTOR RAMIREZ,
and MICHAEL BOGDAN,

      Defendants.

_____/

## ORDER GRANTING MOTIONS TO DISMISS

**THIS CAUSE** is before the Court upon Plaintiff's Amended Complaint [DE 4],

Defendant NuCare Pharmaceuticals, Inc.'s Motion to Dismiss Complaint [DE 20] and

Defendants Victor Ramirez, Michael Bogdan and US 1 Pharmacy, Inc.'s Motion to

Dismiss [DE 21].  The Court has carefully considered the motions, Plaintiff's Response

to NuCare's Motion [DE 32], Plaintiff's Amended Response to Ramirez, Bogdan and US

1's Motion [DE 34], Defendants Ramirez, Bogdan and US 1's Reply [DE 35], and is

otherwise fully advised in the premises.[1]

### I.  BACKGROUND

Plaintiff Allz Well Pharmacy, LLC, a Florida limited liability company ("Plaintiff" or

"AWP"), filed this action against Defendants NuCare Pharmaceuticals, Inc. ("NuCare"),

US 1 Pharmacy, Inc., Victor Ramirez, and Michael Bogdan ("US 1 Defendants'), for

---

[1]  The Court did not receive a reply memorandum from NuCare by the deadline
of December 9, 2010.

Defendants' actions in denying Plaintiff access to prescription drugs to serve its patients.  The Complaint alleges claims against NuCare in Count I for violation of 42 U.S.C. § 1981 for discriminating against Plaintiff because its members are minorities, and in Count II for violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA").  Amended Complaint, ¶¶ 28-29, 32-34.  Plaintiff further alleges claims against the US 1 Defendants for conspiracy in restraint of trade in violation of Fla. Stat. § 542.18 and for tortious interference with a business relationship.  Am. Compl. ¶¶ 36-40, 42-45.

The claims arise from the alleged abrupt discontinuance of NuCare's delivery of products to Plaintiff.  Plaintiff alleges that shortly after it received its pharmacy license from the State of Florida and opened its business, it was persistently contacted by Defendants Ramirez and Bogdan to schedule a meeting regarding a possible business relationship between Plaintiff and US 1 Pharmacy.  Id. ¶ 11.  At the meeting, Plaintiff alleges that Ramirez and Bogdan stated that they could get NuCare to increase Plaintiff's weekly allotment of narcotics and immediately direct patients from pain clinics that they owned to Plaintiff to purchase their prescription narcotics, in exchange for a fifty percent (50%) kickback of ownership of Plaintiff and of its profits.  Id. ¶¶ 13-14.  Defendants Ramirez and Bogdan allegedly told Plaintiff that if Plaintiff refused, they would "choke" Plaintiff out of business by preventing it from receiving products from wholesalers, referring to their close relationship with NuCare's Senior Vice President of Sales, Doug Towle.  Id. ¶ 17.[2]  Defendant US 1 Pharmacy was at that time already

---

[2]  Doug Towle had allegedly met with Plaintiff's managing member after Plaintiff was formed and introduced him to Defendants Ramirez and Bogdon.  Am. Compl. ¶ 9-

receiving its maximum allowable allotment of narcotics from NuCare.  Id. ¶ 18.  After

Plaintiff refused to enter into a business relationship with the US 1 Defendants, NuCare

abruptly blocked Plaintiff's future orders of pharmaceutical products.  Id. ¶¶ 20-22.

Defendant NuCare filed a motion to dismiss based primarily upon a forum

selection clause, while the US 1 Defendants filed a motion to dismiss based upon lack

of subject matter jurisdiction and failure to state a claim.  Plaintiff opposes the motions.


## II.  DISCUSSION

### A.  Motion to Dismiss for Improper Venue and Forum Selection Clause

NuCare seeks to dismiss this action pursuant to Rule 12(b)(3) of the Federal

Rules of Civil Procedure because the parties' contract for Plaintiff to purchase products

from NuCare contains a forum selection clause "for all disputes relating to or arising

from the purchase of products."  Exhibit 1 to Declaration of Anthony Padayao [DE 20-1].

NuCare asserts that Plaintiff's causes of action for race discrimination and unfair trade

practices directly arise from NuCare's refusal to supply pharmaceuticals to Plaintiff

pursuant to the written contract.  The Amended Complaint alleges that Plaintiff's

business has suffered because NuCare abruptly stopped servicing Plaintiff after Plaintiff

refused to pay Defendants a kickback.  Am. Compl. ¶¶21-23.

In general, the party seeking to defeat a valid forum selection clause bears the

burden in seeking to change venue.  In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir.

1989) ("We conclude that when a motion under section 1404(a) seeks to enforce a

_____

10.

valid, reasonable choice of forum clause, the opponent bears the burden of persuading the court that the contractual forum is sufficiently inconvenient to justify retention of the dispute.").  The Court acknowledges that it has the authority under Rule 12(b)(3) to consider matters outside of the pleadings and make factual findings concerning the forum selection clause.  Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008); Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1290 (11th Cir. 1999).

Plaintiff's opposition to the motion to dismiss for improper venue does not dispute the validity of the forum selection clause, but instead argues that its claims do not depend upon the contractual relationship between the parties, do not require interpretation of the contract, and involve different operative facts that would exist if there was a breach of contract.  Plaintiff relies solely upon an unpublished opinion of the United States Court of Appeals for the Fifth Circuit.  In re Yahoo! Inc., 313 Fed. App'x. 722, 723 (5th Cir. 2009).  In that decision, the Fifth Circuit affirmed a district court decision declining to enforce a forum selection clause against American Airlines, which had sued Yahoo for trademark infringement resulting from the actions of Yahoo and third parties.  Those trademark claims did not depend upon the Sponsored Search Agreement between Yahoo and American that contained Yahoo's forum selection clause.

In the present case, the only basis for the business relationship between Plaintiff and NuCare, by which NuCare sold products to Plaintiff, was the written contract between the parties.  That contract contained a broad venue clause "for all disputes relating to or arising from the purchase of products."  The act that Plaintiff alleges caused it damage was NuCare's abrupt discontinuance of the sale of products.  Plaintiff

4

cannot avoid the effects of that clause by alleging that the motive for the discontinuance was the race of Plaintiff's members.  The Court concludes that Plaintiff has failed to meet its burden in seeking to avoid the forum selection clause in the parties' contract.

### B.  Motion to Dismiss for Failure to State a Claim

Although the Court will dismiss Defendant NuCare for improper venue due to the forum selection clause that Plaintiff agreed to, the Court also notes that Plaintiff's race discrimination claim fails to sufficiently state such a claim.  Until the Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).  However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555.  In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

The first twenty-six paragraphs of the Amended Complaint describe what appear to be economic torts between a supplier and a retailer of pharmaceutical products. However, in §§ 28-29 of Count I of the Amended Complaint, Plaintiff simply states that "AWP's members are minorities.  NuCare discriminated against AWP on the basis of

the race of its members." These allegations are conclusory, particularly where they conflict with the more detailed background paragraphs which allege that NuCare stopped supplying Plaintiff because Plaintiff refused to pay a kickback to Defendants. Am. Compl. ¶ 22. Therefore, under <u>Twombly</u> and <u>Iqbal</u>, Plaintiff has failed to state a claim for race discrimination.

### C. Supplemental Jurisdiction

The sole basis for federal court jurisdiction over Plaintiff's state law claims against the US 1 Defendants, all citizens of Florida, is supplemental jurisdiction. With the dismissal of the single federal claim in Count I, this Court declines to exercise jurisdiction over the remaining state claims. Title 28 U.S.C. § 1367(c)(3) allows a district court to decline to exercise supplemental jurisdiction when all claims over which it has original jurisdiction have been dismissed, as is now the case herein. This case was only recently filed on September 20, 2010, thus little prejudice will result in Plaintiff having to refile the action in state court.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows**:**

1. Defendant NuCare Pharmaceuticals, Inc.'s Motion to Dismiss Complaint [DE 20] is hereby **GRANTED**. The Claims in Counts I and II are dismissed for lack of jurisdiction pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure;

2. Defendants Victor Ramirez, Michael Bogdan and US 1 Pharmacy, Inc.'s Motion to Dismiss [DE 21] is hereby **GRANTED**, in that pursuant to 28 U.S.C. §1367(c)(3), the Court will exercise its discretion and **DISMISS** the state law

claims set forth in Counts III and IV without prejudice, as the federal claim presented here has been dismissed.

3.      The Clerk may close this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 10th day of December, 2010.

JAMES I. COHN
United States District Judge

copies to:

counsel of record on CM/ECF